827 F.2d 679
 9 Fed.R.Serv.3d 298
 Robert GRAHAM, Plaintiff-Appellee,
v.
Dan GRAY, in his capacity as Clerk of the Oklahoma County
District Court, Defendant-Appellant,
and
J.D. Sharp, in his capacity as Sheriff of Oklahoma County,
Major Virgil Neuenschwander, in his capacity as jailer and
agent of Sheriff J.D. Sharp, Fred Snider, Buck Buchanan, and
Shirley Darrell, individually and in their capacities as the
Board of County Commissioners of the County of Oklahoma, Defendants.
 No. 85-2227.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 1, 1987.
 
 James R. Moore (Philip F. Horning also of Horning, Johnson, Grove, Moore & Hulett, with him on briefs), Oklahoma City, Okl., for plaintiff-appellee.
 Robert A. Nance, Asst. Atty. Gen. of Okl. (Michael C. Turpen, Atty. Gen. of Okl., with him on briefs), Oklahoma City, Okl., for defendant-appellant Dan Gray.
 Before LOGAN and ANDERSON, Circuit Judges, and CONWAY, District Judge.*
 LOGAN, Circuit Judge.
 
 
 1
 This is an interlocutory appeal from a discovery order of the district court, denying defendant-appellant Dan Gray's motion for protection from discovery in a civil rights action. Plaintiff-appellee Robert Graham brought this action for damages under 42 U.S.C. Sec. 1983, alleging that he was improperly retained in the Oklahoma County Jail beyond the date when he should have been released. Graham named as defendants a number of county officials, including Gray, the former Court Clerk of Oklahoma County.
 
 
 2
 Graham had been jailed in connection with a mistakenly filed application to revoke probation. When a state district court judge dismissed the application on March 18, 1983, Graham alleges that a release order should have been routinely issued and transmitted to the jail authorities by the Clerk's office in accordance with established custom and practice. In fact, no release was issued or transmitted until May 4, 1983. Graham specifically alleges that Gray, as the Oklahoma County Clerk, knew or should have known that the policies and procedures to ensure his proper release were inadequate, failed to formulate or adopt adequate policies and procedures, and further failed to adequately supervise and train personnel reporting to him--all "in reckless and wanton disregard of Plaintiff's rights." R. I, 118.
 
 
 3
 Gray filed a motion to dismiss for failure to state a claim, which the court denied. Subsequently Gray filed another motion to dismiss and a separate motion requesting a protective order barring discovery, citing as the ground for the latter motion his qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The district court denied these motions; Gray appealed only the order denying him immunity from discovery.
 
 
 4
 Pretrial discovery orders are ordinarily not appealable as final orders under 28 U.S.C. Sec. 1291. FTC v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir.1985). "When and if a subsequent order of the court imposes a harmful sanction, that order may then be reviewed." Arthur Andersen & Co. v. Finesilver, 546 F.2d 338, 342 (10th Cir.1976), cert. denied, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); see, e.g., Zweibon v. Mitchell, 720 F.2d 162, 167 (D.C.Cir.1983) (district court denied protective order and dismissed the complaint for plaintiff's failure to submit to depositions; the court of appeals affirmed, holding that defendant was entitled under Harlow to summary judgment as a matter of law on the issue of qualified immunity and finding it unnecessary to consider discovery issues), cert. denied, 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 182 (1984).
 
 
 5
 Gray contends, however, that the district court's denial of the protective order in the instant case is appealable under Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). In Mitchell, the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. Sec. 1291 notwithstanding the absence of a final judgment." Id. at 530, 105 S.Ct. at 2817. The Court emphasized that Harlow "recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Id. at 526, 105 S.Ct. at 2816.
 
 
 6
 The Court in Mitchell held that denial of a defendant's motion for dismissal or summary judgment on the ground of qualified immunity satisfies the conditions for an appealable interlocutory decision. Id. at 527, 105 S.Ct. at 2816. The procedural problem in the instant case is that Gray did not raise the issue of qualified immunity in his motions to dismiss, nor did he appeal the district court's denial of those motions.
 
 
 7
 Had Gray presented the immunity issue to the district court in one of his motions for dismissal and appealed the denial of that motion, we might have held in his favor: "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Id. at 526, 105 S.Ct. at 2816 (citing Harlow, 457 U.S. at 818, 102 S.Ct. at 2738). In two opinions issued since the district court refused to dismiss the instant case, the Supreme Court has held that the protections of the Due Process Clause are not triggered by allegations of negligence or lack of due care. Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Cf. Williams v. Anderson, 599 F.2d 923 (10th Cir.1979), cert. denied, 444 U.S. 1046, 100 S.Ct. 735, 62 L.Ed.2d 732 (1980).
 
 
 8
 Gray now would have us read Mitchell to permit appeal from the denial of a motion for a protective discovery order grounded on an assertion of qualified immunity. But there are crucial distinctions between an order denying dismissal or summary judgment and the discovery order in the instant case. Although the decision on a motion to dismiss or a motion for summary judgment clearly "turns on an issue of law," Mitchell, 472 U.S. at 530, 105 S.Ct. at 2817, a trial court's decision to allow or deny discovery is discretionary, and subject to review only for abuse of discretion. See In re Coordinated Pretrial Proceedings, 669 F.2d 620, 623 (10th Cir.1982); Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir.1984). Moreover, the district court's order in the present case is narrowly tailored, approving discovery requests "directed to the elucidation by defendant of the exact procedures employed within his office." R. I, 208. Even if Gray had been dismissed as a defendant by reason of qualified immunity, there would appear to be no abuse of discretion in the district court's refusal to grant him immunity from deposition on the matters here sought.
 
 
 9
 We do not here decide whether, or in what circumstances, we might stay discovery in a case in which qualified immunity is an issue. See Lugo v. Alvarado, 819 F.2d 5, 8 & n. 3 (1st Cir.1987). The instant case presents no such circumstances. Instead, the scope of discovery permitted by the district court appears to be neither oppressive nor unnecessary, and equally appropriate if sought from a nonparty. Moreover, Gray is no longer County Clerk, so we discern here no unwarranted disruption of public official functions. Finally, the Supreme Court emphasized in Mitchell that qualified immunity is above all an entitlement not to stand trial under certain circumstances. 472 U.S. at 525, 527, 105 S.Ct. at 2815, 2816. In the instant case, Gray may still seek summary judgment on the ground of qualified immunity to avoid the trial he maintains is barred by that doctrine. Id. at 527, 105 S.Ct. at 2816.
 
 
 10
 We see no basis for permitting interlocutory appeal from the order denying protection from discovery in the instant case. The appeal therefore is dismissed.
 
 
 11
 We grant Graham's motion to strike the "Supplemental Authorities of Appellant Dan Gray" filed July 9, 1987, as not in compliance with Fed.R.App.P. 28(j). We deny Graham's request in that motion for attorney's fees, but direct that Gray, as losing party, pay costs on this appeal.
 
 
 
 *
 The Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation