862 F.2d 318
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Elma B. CARRILLO, Plaintiff/Appellee-Cross-Appellant,
v.
Alicia de COLOMBI-MONGUIO, in her official and individual
capacity, Defendant/Appellant-Cross-Appellee.
 
 1
 Nos. 87-2267, 87-2348.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Aug. 10, 1988.
Decided Nov. 3, 1988.
 
 3
 Before WALLACE, TANG and NELSON.
 
 
 4
 MEMORANDUM*
 
 
 5
 Elma B. Carrillo claims that she was discharged from her position as an instructor at the University of Arizona by Alicia de Colombi-Monguio in retaliation for exercise of her first amendment rights, in violation of 42 U.S.C. Sec. 1983. The district court denied Colombi-Monguio's motion for summary judgment on qualified immunity grounds and she currently appeals that decision. Carrillo cross appeals the district court's order limiting discovery. We affirm the district court's denial of summary judgment and dismiss the cross-appeal for lack of jurisdiction.
 
 I. DENIAL OF MOTION FOR SUMMARY JUDGMENT
 
 6
 A denial of a motion for summary judgment that was based on qualified immunity is a "collateral order" and is therefore appealable under section 1291. Mitchell v. Forsyth, 472 U.S. 511, 524-30 (1985). "[T]he appealable issue is a purely legal one: whether the facts alleged (by the plaintiff, or, in some cases, the defendant) support a claim of violation of clearly established law." Id. at 528 n. 9; see Todd v. United States, 849 F.2d 365, 368 (9th Cir.1988) ("The Supreme Court's grant of appellate jurisdiction under Mitchell is narrow. We have jurisdiction only to decide if defendant's conduct violated [plaintiff's] clearly established constitutional rights.").
 
 
 7
 At the time of Carrillo's termination in September 1985, it was clearly established that a public university could not base an adverse employment decision on its employee's speech concerning matters of public importance. See Pickering v. Board of Education, 391 U.S. 563, 574 (1968); Peacock v. Duval, 694 F.2d 644, 647-48 (9th Cir.1982); see also Schwartzman v. Valenzuela, 846 F.12d 1209, 1211-12 (citing Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 283-84 (1977)). A teacher's public speech regarding the administration of a school program addresses a matter of public concern. See Anderson v. Central Point School Dist. No. 6, 746 F.2d 505, 507 (9th Cir.1984); see also Peacock, 694 F.2d at 648. Such speech, "concern[ing] questions of policy related to the administration of a public ... university[,] ... clearly transcends mere academic bickering." Peacock, 694 F.2d at 648 (citing Pickering, 391 U.S. at 571-72).
 
 
 8
 For the reasons explained above, we AFFIRM.
 
 
 9
 II. DISMISSAL OF APPEAL FROM DISCOVERY ORDER FOR LACK OF JURISDICTION
 
 
 10
 Carrillo appeals from an order denying discovery of evidence from which she sought to establish a pattern of retaliation. Determination of appellate jurisdiction is a legal issue warranting de novo consideration. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). Appeals may only be taken from a final judgment. See 28 U.S.C. Sec. 1291. Carrillo argues that this court has jurisdiction to hear the interlocutory appeal under the collateral order doctrine enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). The collateral order doctrine does not justify granting interlocutory appeal in this case because the discovery order is inseparable from the merits of Carrillo's Sec. 1983 action, see Stringfellow v. Concerned Neighbors in Action, 107 S.Ct. 1177, 1181-82 (1987), and because it is reviewable on appeal from a final judgment, see Graham v. Gray, 827 F.2d 679, 681 (10th Cir.1987).
 
 
 11
 We also reject Carrillo's assertion that the court has pendent jurisdiction. The justifications for pendent jurisdiction are not present in this case. See Abney v. United States, 431 U.S. 651, 662-63 (1977).
 
 
 12
 Nor does this court have the power to hear Carrillo's appeal under the "death knell" doctrine, see Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978), because the plaintiff will not lose her cause of action if appeal of her noncollateral order is not allowed. Similarly, Carrillo's discovery claim is not suited for review under the "pragmatic finality" doctrine of Gillespie v. United States Steel Corp., 379 U.S. 148 (1964); see Livesay, 437 U.S. at 477 n. 30.
 
 
 13
 Carrillo urges a mandamus exception to the final judgment rule on the ground that the district court allegedly exceeded its power. See 28 U.S.C. Sec. 1651. Mandamus review is generally unavailable for discovery orders. See Guerra v. Board of Trustees, 567 F.2d 352 (9th Cir.1977). Carrillo's appeal does not present exceptional circumstances warranting a writ. Cf. Bauman v. United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977).
 
 
 14
 Finally, Carrillo argues that the district court's denial of requested discovery deprives her of due process. Denial of discovery which deprives one of the right to present a full defense may violate due process. See Western Elec. Co. v. Stern, 544 F.2d 1196, 1199 (3d Cir.1976). Carrillo has failed to establish, however, that her due process claim is more appropriately considered by this court on interlocutory appeal than on appeal from a final judgment.
 
 
 15
 We DISMISS the appeal for lack of jurisdiction.
 
 
 16
 AFFIRMED IN 87-2267 AND DISMISSED IN 87-2348.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3