Frank J. KUTILEK, Jr., M.D., and
Frank J. Kutilek, III, D.O.,
Plaintiffs,

v.

Richard G. GANNON, K. William
Bruner Jr., M.D. and Marc R.
Baraban, M.D., Defendants.

Civ. A. No. 90–1071–C.

United States District Court,
D. Kansas.

Sept. 24, 1990.

Frank C. McMaster, McMaster and McMaster, for plaintiffs.

John Campbell, Kansas State Atty. General's Office, for defendants.

Kenneth E. Peirce, Hutchinson, Kan., for K. William Bruner Jr.

---

## ORDER

JOHN B. WOOLEY, United States Magistrate.

This matter comes before the court upon the motion of defendants Richard Gannon and Dr. Baraban for a Protective Order (filed May 18, 1990, Dkt. # 14). On May 23, 1990, defendant Dr. William Bruner also filed a Motion for a Protective Order (Dkt. # 17). On June 5, defendants Gannon, Baraban and Bruner filed a "Supplemental Brief in Support of Defendants' Motion for Protective Order" (Dkt. # 23). Attached to Dkt. # 23 are Exhibits A, B, C and D, the latter two being directed to the requirement of Rule 210(j) of the Local Rules. The court notes that Exhibits C and D are technically insufficient to comply with Rule 210(j), however since plaintiffs have not filed any response to the motions (not even a motion to extend the time in which to respond), and particularly in view of the time that has elapsed, the lack of precise technical compliance will be disregarded.

Plaintiffs are represented by Frank C. McMaster of McMaster and McMaster. Defendant Bruner is represented by John Campbell of the office of the Kansas State Attorney General and by Kenneth E. Peirce of Hutchinson, Kansas. John Campbell also represents defendants Gannon and Baraban.

All defendants have requested the court to stay discovery until their respective motions to dismiss have been ruled upon by the District Court. (See Dkt. entries numbered 10, 12 and 15.)

Plaintiffs filed this suit against the three defendants premised on a violation of due process rights and defamation claims following their public censure by the Kansas Board of Healing Arts (hereafter "the Board"). Defendant Gannon is the Executive Director of the Board and defendants, Dr. Bruner and Dr. Baraban, were temporarily employed by the Board through defendant Gannon, as consultants in connection with the Board's actions against the Kutileks. All defendants claim, in their motions to dismiss, that their actions were taken pursuant to a legitimate quasi-judicial function of the Board and therefore they all are entitled to qualified, or absolute, immunity. The Motions to Dismiss are beyond the magistrate's jurisdictional powers to decide and are currently pending before the District Court.

The fact that plaintiffs have not responded should not and does not preclude the court from granting or denying motions of this nature.

■ The decision whether to stay discovery addresses the sound discretion of the court. *McSurely v. McClellan,* 426 F.2d 664 (D.C.Cir.1970). The general policy in this district is not to stay discovery even though dispositive motions are pending. *Thies v. Hudson Food, Inc.,* unpublished No. 88–4002 (1988 WL 188334) (D.Kan. April 18, 1988) (VanBebber, M.); *First Bank of Troy v. Commerce Bank of St. Joseph,* No. 85–2174 (D.Kan. October 21, 1985) (Rushfelt, M.); *Lyle Brothers v. American Salt Co.,* No. 84–1637 (D.Kan. February 12, 1985) (Theis, J.). The courts are given broad discretion to control and place appropriate limits on discovery. *Corwin v. Marney, Orton Investments,* 843 F.2d 194, 200 (5th Cir.) *cert. denied,* 488 U.S. 924, 109 S.Ct. 305, 102 L.Ed.2d 324 (1988).

**298**

■ It is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome. *Masters v. Daniel International Corporation et al.,* unpublished no. 87–1290 (1990 WL 11037) (D.Kan. January 25, 1990) (Crow, J.), citing *Corwin v. Marney, Orton Investments,* 843 F.2d 194, 200 (5th Cir.) *cert. denied,* 488 U.S. 924, 109 S.Ct. 305, 102 L.Ed.2d 324 (1988). Although a stay may be appropriate under given circumstances, it must be drawn so as not to preclude a party from discovery on matters bearing on the dispositive motion. A court abuses its discretion when it stays discovery, generally, and prevents a party from having a sufficient opportunity to develop a factual base for defending against a dispositive motion. *See Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1560 (11th Cir.1985), cited in *Masters, supra.*

■ All defendants to this action claim absolute, or qualified, immunity in their instant motions. K.S.A.1989 Supp. 65–2878a appears particularly pertinent. It reads:

> The state board of healing arts is hereby authorized to employ, appoint, designate and utilize individuals who shall be agents of the board to evaluate and review investigative materials, conduct interviews and render opinions, reports and testimony on matters which may result in disciplinary action against any individual who has received a license, permit, registration or certification from the board or who has applied for any license, permit, registration or certificate. <u>No individual who provides such services shall be liable in a civil action for damages or other relief arising from testimony provided or recommendation or opinion made by such individual acting without malice and in good faith within the scope of such individual's capacity as an agent of the board.</u> (Underlining supplied.)

■ The words "acting without malice and in good faith within the scope of such individuals' capacity as an agent of the board" indicates to the court that the legislature intended that the immunity afforded to "such individuals" was qualified, not absolute. "Such individuals" are immune from liability, it appears, only if they first, acted without malice and in good faith, and second, acted within the scope of their capacity as an agent of the board. That being true, the magistrate concludes that "such individuals'" qualified immunity would not, standing alone, be a bar to suit such as would result in the sustaining of their motions to dismiss, or for summary judgment, but rather should properly be pled as an affirmative defense as to which discovery would be entirely appropriate. Qualified, or good faith, immunity is an affirmative defense that must be pleaded by a defendant official. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), and *Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396, 408 (1982).

Counts II and III of the complaint allege that Gannon, Bruner and Baraban conspired and caused the Board to issue its order of Public Censure. Count IV is a defamation claim against all defendants. A careful reading of the pleadings fails to disclose any allegations or claims that any defendant was acting outside the scope of his capacity or acted with malice. Count IV of the complaint does allege that defendants intentionally and recklessly made false and defamatory statements concerning plaintiffs. The court concludes, therefore, that defendants' Motions to Dismiss have some merit, however that conclusion does not necessarily mean that plaintiffs are not entitled to conduct whatever discovery is appropriate and necessary to determine if "such individuals" acted without malice and in good faith, and second, if they acted within the scope of the authority (capacity) delegated to them by the Board.

Plaintiff concedes, and in fact affirmatively alleges, that defendants Bruner and

Baraban were employed by the Board through defendant Gannon as consultants. See paragraph 10 of Complaint (Dkt. # 1) and Exhibits A and B attached to the Complaint.

Drs. Bruner and Baraban appear to be embraced within the scope of K.S.A.1989 Supp. 65–2878a, above quoted.

The position of Executive Director is created by virtue of K.S.A.1989 Supp. 65–2878, which states in pertinent part:

(a) The board shall appoint an executive director, subject to confirmation by the senate as provided in K.S.A. 75–4315b and amendments thereto. The executive director shall be in the unclassified service under the Kansas civil service act and shall receive a salary fixed by the board and approved by the governor. The executive director shall not be a member of the board. Under the supervision of the board, the executive director shall be the chief administrative officer of the board and shall perform such duties as may be specified by the board and as may be required by law.

Although 65–2878a does not specifically mention the Executive Director, the scope and reach of that section appears to be broad enough to include him within its meaning.

*Members* of the Board have been held to be immune from damages in civil rights actions when acting in their quasi-judicial official capacities, however none of the defendants herein are *members* of the Board. *Vakas v. Rodriquez,* 728 F.2d 1293 (10th Cir.1984). See also *Robertson v. State Board of Medical Examiners, State of Colorado,* 675 F.Supp. 1280 (D.C. Co.1987).

Although Gannon can be accurately described as an employee in the "service of a governmental entity in [an] official capacity" (see Kansas Tort Claims Act, K.S.A. 75–6102(d)), neither that Act nor any other statute the court can find, except 65–2878a, colorably clothes Gannon with any immunity from suit, either qualified or absolute.

In *Horwitz v. Board of Medical Examiners of State of Colorado,* 822 F.2d 1508 (10th Cir.1987), the Tenth Circuit stated:

Absolute immunity, which affords complete protection from liability for damages, defeats suit at the outset. On the other hand, "qualified immunity" is an affirmative defense to be asserted by a government official performing discretionary functions. It is premised on the contention that the challenged conduct was undertaken in good faith or did not violate clearly established law or constitutional rights that a reasonable person would have known.

*Id.* at 1512 citing *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The *Horwitz* court, cited with approval the language in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), stating (page 1513) that absolute immunity was granted "to administrative officials performing functions analogous to those of judges and prosecutors if the following formula [was] satisfied: (a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct." The Horwitz court further quoted from *Butz* (page 1514):

... agency officials performing certain functions analogous to those of a prosecutor, including decisions to initiate administrative proceedings against an individual or corporation and to seek certain sanctions, are entitled to absolute immunity.

The Tenth Circuit has recognized and applied the *Butz* rationale in cases involving state administrative/executive officials serving in adjudicative, judicial or prosecutorial capacities. *See Horwitz* at 1515, wherein the court also cites *Lentsch v. Marshall,* 741 F.2d 301 (10th Cir.1984); *Wilhelm v. Continental Title Co.,* 720 F.2d 1173 (10th Cir.1983), *cert. denied* 465 U.S. 1103, 104 S.Ct. 1601, 80 L.Ed.2d 131 (1984) and *Johnston v. Herschler,* 669 F.2d 617 (10th Cir.1982). The cases appear to justify the conclusion that it is the *nature of the particular duty performed* by the public official that determines the reach

and applicability of the immunity doctrine. *Horwitz* at 1516. Even so, there is no basis, presently known to the court, other than the provisions of K.S.A.1989 Supp. § 65–2878a, for concluding that defendants are protected by either qualified, or absolute, immunity since they were not, apparently, involved in performing any duty similar to that involved in the judicial process.

While the court concludes that there is some merit to the arguments of all defendants that they enjoy either absolute, or qualified, immunity, it is not so clear that the court can, or should, make a finding to that effect. The question of the validity of the immunity defense for any of the defendants is an ultimate issue to be decided by the trier of fact, either upon the pending motions to dismiss, or at trial.

All defendants cite *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) and *Graham v. Gray*, 827 F.2d 679 (10th Cir.1987) for the proposition that discovery should be stayed until the dispositive motions have been decided. These two cases, however, are not dispositive of that question.

The United States Supreme Court in *Mitchell* held that the Attorney General of the United States was immune from suit for authorizing a warrantless, and unconstitutional, wiretap of an antiwar protester's telephone. The *Graham* case, relying on the *Mitchell* ruling, held that, while pretrial discovery orders are not ordinarily appealable as final orders, the denial of defendant's motion for dismissal or summary judgment on the ground of qualified immunity satisfied the conditions for an appealable interlocutory decision. Although the Tenth Circuit declined to decide under what circumstances discovery may be stayed in a case where qualified immunity was raised as an issue, the scope of the discovery permitted by the court was held not to be oppressive or unnecessary.

In *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396, 410–11, the United States Supreme Court held that until the threshold immunity question, as to whether government officials performing discretionary functions will be shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, is resolved, discovery should not be allowed.

Standing alone, *Harlow* does not, the court believes, provide a basis for a complete stay of all discovery in this case. Neither does *Mitchell* or *Graham*.

Attached as Exhibits A and B to defendants' Supplemental Brief (Dkt. # 23), are copies of Interrogatories and a Request for Production directed to defendants by plaintiffs. By their instant motions, defendants seek to avoid having to respond to this discovery. Notwithstanding the lack of response by plaintiffs to the instant motion, the burden still remains on the moving party to show good cause for the entry of an order protecting a party from responding to discovery. F.R.Cv.P. 26(c). Defendants cannot rely on some generalized objections, but must show specifically how each interrogatory or request is burdensome and/or overly broad by submitting affidavits or some detailed explanation as to the nature of the claimed burden. *White v. Wirtz*, 402 F.2d 145 (10th Cir. 1968).

The court finds that the arguments advanced by defendants as to the discovery requests are insufficient to demonstrate good cause to enter a protective order as to all discovery.

The court further finds that it is proper that discovery proceed limited to the questions of whether any one or more of the three (3) defendants first, acted without malice and in good faith, and second, acted within the scope of their official authority as delegated to them by the Board.

Further, the court finds that the parties may proceed with discovery as to any nonparties. The court also finds that plaintiffs have, by failing to timely respond to the instant motions, waived any objection to the rulings herein made.

IT IS THEREFORE ORDERED that defendants' Motions for Protective Order be, and the same hereby are, denied as to the

discovery above delineated, otherwise they are sustained.

IT IS, BY THE COURT, SO ORDERED.