10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ram SOOKNANAN, Plaintiff-Appellant,
Ruby Sooknanan; Sonny Sooknanan; Sanjay Sooknanan; and
Devindra Sooknanan, Plaintiffs,
v.
BOULDER VALLEY PUBLIC SCHOOLS; Dr. James L. Hager; Barbara
Spriggs; Virginia Pool; David Johnson; Linda
Barrows; Gary G. Cox; and James
Williams, Defendants-Appellees.
 No. 93-1191.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 19, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Sooknanan, pro se plaintiff and appellant, appeals the grant of defendants' motion for summary judgment. Mr. Sooknanan raised various claims of constitutional violation under 42 U.S.C.1983 against the Boulder Valley public schools and several school district authorities ("School District"). The claims arise from the suspension of his daughter, the subsequent transfer of all three Sooknanan children to another elementary school within the district, and the filing of a child abuse and neglect report by school district officials with the Boulder Department of Social Services.
 
 
 3
 Prior to reviewing cross-motions for summary judgment, the trial court granted the School District's motion to suspend discovery pursuant to Colorado statutory sovereign immunity provisions. See Colo.Rev.Stat. 24-10-108 (1988 Repl.Vol. & Supp.1993). (Supp. Vol. I, Tab 3.) Then, in an exhaustive analysis of Mr. Sooknanan's assertion of constitutional deprivations, the trial court granted defendants' motion for summary judgment on all claims. (Vol. I, Tab 18.)
 
 
 4
 Mr. Sooknanan raises two issues on appeal: (1) error in staying discovery under the state sovereign immunity statute; and (2) error in accepting a statement in the child abuse and neglect report as evidence of good faith. (Aplt. Brief at 1/2 1/2 3.A. & 3.B.) We affirm the decision of the trial court.
 
 
 5
 Mr. Sooknanan first challenges the trial court's order to stay discovery. A trial court's decision to limit or expand discovery is reviewed for an abuse of discretion. Graham v. Gray, 827 F.2d 679, 681 (10th Cir.1987) (dismissing an appeal of a 1983 defendant whose motion for protection from further discovery on qualified immunity grounds was denied). Despite the stay, we conclude Mr. Sooknanan presented ample evidence for the trial court's thorough search for due process or other constitutional violations.[2] We find the trial court acted within its discretion.
 
 
 6
 Mr. Sooknanan next argues the trial court mistakenly used statements within a child abuse and neglect report as evidence that the report was made in good faith. (Aplt. Brief at 1/23.B.) We read this challenge in relation to the essential question of whether the School District's motion for summary judgment was properly granted--a question reviewed de novo. Cottrell v. Kaysville City, Utah, 994 F.2d 730, 733 (10th Cir.1993). Success of a summary judgment motion requires no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 7
 The trial court analyzed whether the filing of a child abuse and neglect report, allegedly in bad faith, rose to a constitutional violation of a right of privacy. (Vol. I, Tab 18 at 8-10.) Accepting for argument such a constitutional violation could be formed on a bad faith filing, in order to survive the School District's motion, Mr. Sooknanan must show a material dispute exists regarding the good faith of the School District. See D.C.A. Dev. Corp. v. Ogden City Mun. Corp., 965 F.2d 827, 829 (10th Cir.1992). Mr. Sooknanan fails to do so. The trial court found no indication from the face of the report of bad faith. Assessment of statements within the report as presumptively accurate does not create a material dispute without contrary evidence from Mr. Sooknanan.[3] Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The trial court's order did not entirely preclude further discovery. The order stays discovery "until further order of the court." (Supp. Vol. I, Tab 3.) After the School District's motion for summary judgment, Mr. Sooknanan had recourse under Fed.R.Civ.P. 56(f) to request additional discovery in order to better challenge the motion. He did not assert this request
 
 
 [3]
 A close reading of the trial court's order reveals the statements were treated only as relevant, not necessarily accurate. (Vol. I, Tab 18 at 10.) We find no error in the trial court's consideration of the report as circumstantial evidence of good faith