**Edward E. WOLF, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 93–1406–FGT.

United States District Court,
D. Kansas.

March 30, 1994.

N. Trip Shawver, Wichita, KS, for plaintiffs.

Emily B. Metzger, Office of U.S. Atty., Wichita, KS, for defendant.

## ORDER

REID, United States Magistrate Judge.

On March 8, 1994, defendant filed a motion to stay discovery until the court has ruled on defendant's motion to dismiss (Doc. 10). Defendant did not respond to the motion to stay, but filed their response to the motion to dismiss on March 21, 1994 (Doc. 12).

■ The general policy in this district is not to stay discovery even though dispositive motions are pending. However, it is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome. *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D.Kan.1990).

■ Even if a stay of discovery is otherwise appropriate under the guidelines set forth above, it must be drawn so as not to preclude a party from discovery on matters bearing on the dispositive motion. A court abuses its discretion when it stays discovery and prevents a party from having a sufficient opportunity to develop a factual basis for defending against the motion. *See Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1560 (11th Cir.1985).

Defendant's motion to dismiss, filed on February 11, 1994, argues that jurisdiction of this action lies in the U.S. Court of Claims, not the U.S. District Court. The basis of their argument is that this a contract claim, not a tort claim as alleged by the plaintiffs. Therefore, the key question presented to the court in the dispositive motion is the proper forum in which this cause of action should be brought. Regardless of the decision regarding that legal issue, the claim will either be heard in the District Court or the Claims Court. Therefore, there is no reason that discovery should not proceed.

IT IS THEREFORE ORDERED that the motion to stay discovery is denied.

Copies of this order shall be mailed to counsel of record for the parties.