69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 WESTERN FIBERGLASS, INC., a corporation of the State of
Utah, Plaintiff-Appellant,
v.
PACIFICORP-UTAH POWER & LIGHT COMPANY, a corporation of the
State of Oregon; Stephen F. Mecham; James M.
Byrne; Stephen C. Hewlett, Defendants-Appellees.
 No. 94-4246.
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Western Fiberglass, Inc., plaintiff below, appeals the district court's dismissal of its civil rights complaint against defendants. Our jurisdiction over this appeal arises from 28 U.S.C. 1291. We review the district court's order de novo. See Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir.) (dismissal pursuant to Fed.R.Civ.P. 12(b)(6)), cert. denied, 115 S.Ct. 107 (1994); Quintana v. United States, 997 F.2d 711, 712 (10th Cir.1993)(dismissal pursuant to Fed.R.Civ.P. 12(b)(1)).
 
 
 3
 Defendant-appellee Pacificorp is a corporation and public utility in Utah. Western, a customer of Pacificorp, brought an action against Pacificorp before the Utah Public Service Commission, seeking a refund of alleged overpayments. The Commission ruled against Western, applying a two-year statute of limitations. The decision was sustained upon reconsideration. Western appealed the decision to the state supreme court, which summarily affirmed the commission.
 
 
 4
 Western then filed suit against Pacificorp and the individual defendants, commissioners of the Public Service Commission of Utah, pursuant to 42 U.S.C.1983, alleging that defendants violated its equal protection and due process rights. The district court granted defendants' motions to dismiss.
 
 
 5
 To prevail in its suit against Pacificorp pursuant to 42 U.S.C.1983, Western must demonstrate that Pacificorp acted under color of state law. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982). On appeal, Western cites legal authority establishing that private parties, by joint participation with state officials, can be held to have acted under color of state law. See id. at 939, 941. However, aside from its conclusory legal statements, Western does not argue on appeal that Pacificorp acted in concert with state officials. Further, our examination of the complaint reveals no allegations of joint participation with state officials. Pacificorp's defense against Western's suit cannot comprise state action. See id. at 939 n. 21. The district court held that no state action by Pacificorp existed in this case, and we agree.
 
 
 6
 As to the remaining defendants, the district court ruled that suit against them in their official capacities was barred by the Eleventh Amendment. On appeal, Western argues that it is suing these defendants in their individual capacities. We agree with the district court that, in such capacity, defendants are entitled to quasi-judicial immunity, which precludes suit against them for their actions as commissioners in hearing and deciding Western's claim. See Atiya v. Salt Lake County, 988 F.2d 1013, 1017 (10th Cir.1993)(citing Vakas v. Rodriquez, 728 F.2d 1293, 1296-97 (10th Cir.), cert. denied, 469 U.S. 981 (1984)). Again, a review of the complaint reveals no allegations that the individual defendants acted outside of their roles as commissioners.
 
 
 7
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation