**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| In re:<br><br>WESCO DISTRIBUTION, INC.,<br><br>Petitioner. | No. 02-1491<br>(D.C. No. 02-N-1042 (MJW))<br>(D. Colo.) |
| CHAMPION INDUSTRIES, INC.,<br>n/k/a VARITEL, L.L.C., a Colorado<br>LLC,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WESCO DISTRIBUTION, INC.,<br><br>Defendant-Appellant. | No. 02-1496<br>(D.C. No. 02-N-1042 (MJW))<br>(D. Colo.) |

**ORDER AND JUDGMENT** *

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**MURPHY** , Circuit Judge.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter is before the court on Champion Industries, Inc.'s (Champion) motion to dismiss Wesco Distribution, Inc.'s (Wesco) appeal for lack of appellate jurisdiction (No. 02-1496) and on Wesco's petition for a writ of mandamus (No. 02-1491). Wesco appeals from the magistrate judge's order denying Wesco's motion to extend deadlines for dispositive motions and for a protective order and granting Champion's motion to compel discovery. Alternatively, Wesco's mandamus petition requests this court to direct the United States District Court for the District of Colorado to rule on Wesco's (1) motion to dismiss; (2) motion to compel arbitration and stay the proceedings; (3) objection to the magistrate judge's denial of Wesco's renewed motion for a protective order; and (4) motion for argument on the motion to compel arbitration. All of these filings are currently pending in district court case No. 02-N-1042. Finally, Wesco has requested this court to stay proceedings in the district court pending resolution of its appeal and/or its petition for writ of mandamus.

**No. 02-1496**

Only "final decisions" are appealable under 28 U.S.C. § 1291. "Pretrial discovery orders are ordinarily not appealable as final orders under 28 U.S.C. § 1291." *Graham v. Gray*, 827 F.2d 679, 681 (10th Cir. 1987) (citing *FTC v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir. 1985)). Wesco has not provided an applicable exception to this general rule, nor are we aware of such

-2-

an exception.  Accordingly, we lack jurisdiction to hear an appeal over this clearly interlocutory order.  Without appellate jurisdiction, we must deny Wesco's motion for a stay pending appeal.  *See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 760 (10th Cir. 1993).

### No. 02-1491

Alternatively, Wesco requests a writ of mandamus.  Mandamus is a drastic remedy, which is to be used only in extraordinary circumstances.  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).  As this court has stated, mandamus "will issue only in those exceptional cases where the [district] court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a judicial usurpation of power."  *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 387 (10th Cir. 1990).  "Although the party seeking issuance of a writ of mandamus has a heavy burden of showing that the conditions are clearly met, the issuance of the writ is a matter of the issuing court's discretion."  *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991) (citing *Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (1976)).  Finally, mandamus "is not a substitute for an appeal, and it is not a vehicle to relieve persons of the consequences of their previous decision not to pursue available procedures and remedies."  *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994).

This court considers the following five nonconclusive guidelines to assist in determining the propriety of granting mandamus relief:

> *First,* the party seeking the writ has no other adequate means to secure the relief desired. *Second,* the petitioning party will be damaged or prejudiced in a way not correctable on appeal. *Third,* the district court's order constitutes an abuse of discretion . . . . *Fourth,* the district court's order represents an often repeated error and manifests a persistent disregard of federal rules. *Fifth,* the district court's order raises new and important problems or issues of law of the first impression.

*Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 153 (10th Cir. 1995) (quotations and citations omitted).

We have reviewed Wesco's petition under the above legal principles and we conclude that Wesco has not sufficiently demonstrated that it is entitled to the writ. While not the exclusive basis for our determination, we note that by failing to object to the magistrate judge's order, Wesco lost an opportunity to apprise the district court of the pending arbitration motions, and to request the court to rule on those motions expeditiously and before further discovery. Because we deny Wesco's petition for writ of mandamus, its request for a stay pending disposition of the petition is moot.

Accordingly, Champion's motion to dismiss Wesco's appeal is GRANTED and the appeal is DISMISSED for lack of appellate jurisdiction.  The petition for writ of mandamus is DENIED.  Wesco's motions to stay the district court proceedings and any other outstanding motions are DENIED.

ENTERED FOR THE COURT
PER CURIAM