FILED
United States Court of Appeals
Tenth Circuit

March 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARRICCO ALONZO SYKES,

Defendant - Appellant.

No. 09-5117

(N.D. Oklahoma)

(D.C. No. 97-CR-00178-GKF-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Marricco Alonzo Sykes seeks to appeal the district court's denial of his discovery motion, filed during the course of his untimely 28

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2255 motion. Because we lack jurisdiction over the appeal of an interlocutory, non-final discovery ruling, we dismiss this matter.

In 1997, a five-count indictment charged Mr. Sykes and other individuals with a conspiracy to commit armed robberies. Mr. Sykes pled guilty to two violations of 18 U.S.C. § 924(c) and, on May 21, 1998, the district court sentenced him to 220 months imprisonment. Mr. Sykes did not directly appeal his conviction or sentence.

In 2009, Mr. Sykes filed a § 2255 motion seeking to vacate his sentence. During the § 2255 proceeding, Mr. Sykes filed a motion asking the district court to "unseal, create copies and provide him the portions of his past 'Criminal Case' records," including "each and every single [one] of the court transcripts that were used against him." R. Vol. 1, Doc. 103. His motion also requested that the court "expedite unsealing and delivery" of the sought documents, which the district court clerk's office construed as a separate motion to expedite the ruling. Id. Through a minute order, the district court denied Mr. Sykes's motion. This appeal followed from that denial.

In the meantime, the government had moved to dismiss Mr. Sykes' § 2255 motion as untimely filed. The district court ordered Mr. Sykes to respond to the government's motion, which he failed to do. Accordingly, in September 22, 2009, the district court dismissed Mr. Sykes' § 2255 motion because it was filed beyond the one-year limitation period set forth in 28 U.S.C. § 2255(f)(1). On

November 20, 2009, Mr. Sykes moved for leave to appeal out of time the dismissal of his § 2255 motion. The district court denied him leave to appeal out of time. As indicated, this appeal is from the district court's denial of Mr. Sykes motion to unseal and deliver certain documents, as well as the denial of Mr. Sykes' motion to expedite.[1]

We ordinarily review "a district court's discovery rulings . . . for abuse of discretion." Regan-Touhy v. Walgreen Co., 526 F.3d 641, 647 (10th Cir. 2008). However, we must always satisfy ourselves that we have jurisdiction over an appeal before addressing its merits. See Ellenberg v. New Mexico Military Institute, 478 F.3d 1262, 1275 n.11 (10th Cir. 2007). The discovery orders from which Mr. Sykes attempts to appeal are not final appealable orders under 28 U.S.C. § 1291. See Graham v. Gray, 827 F.2d 679, 681 (10th Cir. 1987). Nor do they qualify as appealable interlocutory orders, because they had no "final or irreparable effect on the rights of the parties." Anthony v. United States, 667 F.2d 870, 878 (10th Cir. 1981) (quoting Cohen v. Beneficial Loan Corp., 337 U.S. 541, 545 (1949)). We are therefore without jurisdiction and we dismiss this matter. We also deny Mr. Sykes' motions to strike the appellee's brief, as well as his motion to proceed *in forma pauperis*.

------

[1]It is unclear whether the district court's minute order denied the motion to unseal and deliver documents, the motion to expedite, or both. We assume it denied both.

For the foregoing reasons, this matter is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge