**FEDERAL TRADE COMMISSION, Plaintiff-Appellee,**

v.

**ALASKA LAND LEASING, INC., Defendant.**

**Linda Kane, Non-Party Deponent-Appellant.**

No. 85–2361.

United States Court of Appeals, Tenth Circuit.

Dec. 2, 1985.

Frederick E. Dooley, Jr., F.T.C., Washington, D.C. (Claude C. Wild, III, F.T.C., Denver, Colo.; George E. Schulman, F.T.C., Los Angeles, Cal.; Marcy J.K. Tiffany, Ernest J. Isenstadt, F.T.C., Washington, D.C., on brief), for plaintiff-appellee.

Terence P. Boyle (Diane M. Blieszner, on briefs), of O'Connor & Hannan, Denver, Colo., for non-party deponent-appellant.

Before McKAY, SEYMOUR and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This is an appeal from an order compelling a non-party witness, Linda Kane (Kane), to testify upon oral deposition and to produce documents requested in a discovery subpoena. Kane contends under the peculiar circumstances of this case the act of producing those documents will violate her Fifth Amendment self-incrimination right, and compelling her testimony is contrary to the marital privilege. We decline consideration of these issues and dismiss the appeal as premature.

The trial court proceeding from which this appeal emanates is ancillary to a civil action pending in the United States District Court for the Central District of California. In that action, Kane's husband and several companies in which he has an interest are defendants. Although the government contends Kane herself is an officer and employee of at least one of the companies, she was not made a defendant in the California action.

At a pretrial deposition, Kane refused to answer certain questions, asserting a privilege against testifying adversely to the interests of her spouse, and claiming the confidential marital communications privilege. She also refused to produce subpoenaed documents on the ground their production would tend to incriminate her.[1] The deposition was concluded upon these refusals, and the party seeking discovery, the Federal Trade Commission, filed a motion for an order compelling Kane's testimony and the production of the documents. That order was entered, and Kane has appealed. We have stayed the order pending resolution of this appeal.

The seminal question is whether the order compelling discovery is a final order within the meaning of 28 U.S.C. § 1291 (1982). We hold that it is not.

Generally, pretrial discovery rulings are interlocutory and not appealable as final orders under § 1291. *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971). We have previously created an exception to this rule in *Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993 (10th Cir.), *cert. denied,* 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965), and Kane relies upon this exception. Notwithstanding, the Supreme Court has indirectly overruled the *Covey* exception making it no longer viable. *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971). Although *Ryan* concerned the enforcement of a grand jury subpoena, when its reasoning is coupled with *Alexander v.*

*United States,* 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), it is clear that this case does not provide a viable exception to the general rule that an order compelling discovery is not final for the purpose of appeal, whether in a civil or criminal context.

■ To perfect standing to appeal from a civil pretrial discovery order, a nonparty deponent must refuse to comply and submit to a contempt proceeding. Thereafter, an adverse contempt order is final and it may be appealed. *See In re Westinghouse Electric Corp. Uranium Contracts Litigation,* 563 F.2d 992 (10th Cir. 1977). *See also Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338 (10th Cir.1976), *cert. denied, Arthur Andersen & Co. v. Ohio,* 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *In re Vargas,* 723 F.2d 1461 (10th Cir.1983), *appeal after remand,* 727 F.2d 941 (10th Cir.), *cert. denied, Vargas v. United States,* — U.S. —, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984).

Because this appeal is premature, the stay previously entered is vacated and the appeal is dismissed.

---

**1.** She now maintains this privilege is grounded upon the possibility that production of the records would evince violation of an injunctive order entered in the Central District of Califor-

nia, thus subjecting her to criminal contempt. That ground was not asserted until the filing of briefs in this court.