962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Robert DAY, Plaintiff-Appellant,
v.
Dan REYNOLDS; Gary D. Maynard; William Thompson; and
James Saffle, Defendants-Appellees.
 No. 91-7109.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is an appeal from the district court's denial of the Appellant's motion for leave to proceed in discovery. Because we do not have jurisdiction to hear an appeal from an order denying a discovery request, we dismiss this appeal.
 
 
 2
 Only "final decisions" are appealable under 28 U.S.C. § 1291.[1] "Pretrial discovery orders are ordinarily not appealable as final orders under 28 U.S.C. § 1291." Graham v. Gray, 827 F.2d 697 (10th Cir.1987) (citing FTC v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir.1985).[2] The Appellant suggests, and we are aware of, no applicable exception to this general rule.[3] Thus, we lack jurisdiction to hear this appeal.
 
 
 3
 Accordingly, the appeal is DISMISSED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 There is no indication in the record that this appeal has been certified pursuant to 28 U.S.C. § 1292(b), as necessary for appeal under that statute
 
 
 [2]
 Although Graham and FTC involved orders compelling discovery, rather than orders denying discovery, we do not believe that there is any relevant distinction between such orders for purposes of appealability. Other circuits have generally made no distinction between orders compelling discovery and those denying discovery. See, e.g., U.A.W. v. National Caucus of labor Comms., 525 F.2d 323 (2d Cir.1975) (dismissing appeal of order denying leave to take depositions by tape recorder, saying "[a]s a general rule orders denying or directing discovery are interlocutory and therefor not appealable except as part of a final decision.") (emphasis added)
 
 
 [3]
 The Appellant suggests that he is entitled to appeal an order that does not dispose of all of the claims in a suit under Mitchell v. Forsyth, 472 U.S. 511 (1985). In Graham, however, we noted that appeals under Mitchell will lie only where the order involves an issue of qualified immunity. 827 F.2d at 681. Because the order denying discovery in the case at bar does not involve issues of immunity, Mitchell is inapposite
 Mitchell was decided under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949), which noted a "small class" of orders that, though not dispositive of all issues in a suit, are nevertheless appealable under § 1291. The Cohen exception, however, is limited to those orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). The district court's order denying discovery fails to satisfy the Cohen test, as we see no barrier to its review on appeal.
 Finally, the Appellant attempts to evade the rule against appeal of non-final orders by invoking our mandamus power. We do not believe that the use of that power is warranted here.