Lynn E. BOUGHTON, et al., Plaintiffs–Appellees,

v.

COTTER CORPORATION; Commonwealth Edison Company, Defendants–Appellants,

Atchison, Topeka and Santa Fe Railway Company, Defendant.

No. 93–1088.

United States Court of Appeals, Tenth Circuit.

Nov. 30, 1993.

John Leonard Watson (Edward J. McGrath and Edward E. Stevenson, also of Holme, Roberts & Owen, with him on the briefs), Denver, CO, for defendants-appellants.

Kenneth N. Kripke, Denver, CO (Stanley M. Chesley and Louise M. Roselle of Waite, Schneider, Bayless & Chelsey Co., Cincinnati, OH; James R. Christoph of McCormic &

Christoph, Boulder, CO; and David Kreutzer, Boulder, CO, with him on the briefs), for plaintiffs-appellees.

Before LOGAN, EBEL and KELLY, Circuit Judges.

LOGAN, Circuit Judge.

Defendants Cotter Corporation and Commonwealth Edison Company appeal from a district court order denying their motion for reconsideration of a magistrate judge's discovery order. The magistrate judge's order requires defendants to produce 112 documents in response to a discovery request by plaintiff Lynn E. Boughton and more than 500 coplaintiffs in this suit involving the Comprehensive Environmental Response Compensation and Liability Act (CERCLA) and other claims. Defendants assert that these documents, created in preparation for an administrative licensing proceeding and to address subsequent license compliance measures, are protected from discovery under the attorney-client privilege, the attorney work product doctrine, and/or the non-testifying expert privilege of Fed.R.Civ.P. 26(b)(4).

We consider whether the particular circumstances of this case allow us to break with the normal strictures of 28 U.S.C. § 1291 and exercise jurisdiction over the interlocutory appeal of a discovery order under the *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), "collateral order" exception, by construing the appeal as a petition for a writ of mandamus, or under the "pragmatic finality" doctrine.

I

In 1989, plaintiffs filed suit in the District of Colorado asserting claims arising from defendants' operation of a uranium mill in Canon City, Colorado. Discovery began, and defendants willingly produced thousands of documents. However, when plaintiffs sought to discover 125 documents pertaining to state and federal uranium mill licensing issues— eighty created by defendants in preparation for a 1979 licensing hearing regarding defendants' Canon City mill and forty-five dealing with subsequent license compliance issues— defendants refused to produce the requested materials on the grounds that they were privileged. Plaintiffs moved to compel production of the disputed documents, and following an *in camera* review, the federal magistrate judge ruled that only thirteen documents were shielded from discovery by the attorney-client privilege and that the remaining 112 items should be turned over to the plaintiffs. Defendants moved for reconsideration of the magistrate judge's discovery order and their motion was denied by the district court. When the district court denied 28 U.S.C. § 1292(b) certification defendants filed this appeal. We issued a temporary stay pending briefing, argument, and decision by this court on whether we have jurisdiction to decide the merits of defendants' claims.

Final decision jurisdiction under 28 U.S.C. § 1291 typically "depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). District court orders for the production of documents during the course of litigation are not "final orders" subject to immediate appellate review. *Church of Scientology v. United States,* —— U.S. ——, —— n. 11, 113 S.Ct. 447, 452 n. 11, 121 L.Ed.2d 313 (1992); *Hooker v. Continental Life Ins. Co.,* 965 F.2d 903, 904 (10th Cir.1992). While recognizing that most interlocutory orders disadvantage or inflict some degree of harm on one of the parties to a litigation, this court must balance that concern against the need for efficient judicial administration, the delay caused by interlocutory appeals, and the burden on appellate courts imposed by fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case. *Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338, 342 (10th Cir.1976), *cert. denied,* 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977). Allowing interlocutory appeals before a final judgment on the merits erodes

"the deference appellate courts owe to the district judge's decisions on the many questions of law and fact that arise before judgment." *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 430, 105 S.Ct. 2757, 2760, 86 L.Ed.2d 340 (1985) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981)).

## II

■ Defendants argue that the challenged discovery order is properly classified as an appealable "collateral order" under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In order to meet the *Cohen* exception to § 1291, an order "must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458. Unless all three requirements are established, jurisdiction is not available under the collateral order doctrine. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988). The instant discovery order arguably meets the first and second prongs of the relevant test. But the only sense in which the order can be argued to satisfy the third prong of the *Cohen* test is that it exposes to others' view documents that defendants contend should not be so exposed. The practical consequences of the district court's decision on the controversy between the parties can be effectively reviewed on direct appeal following a judgment on the merits. If this court determines that privileged documents were wrongly turned over to the plaintiffs and were used to the detriment of defendants at trial, we can reverse any adverse judgment and require a new trial, forbidding any use of the improperly disclosed documents. Plaintiffs would also be forbidden to offer at trial any documents, witnesses, or other evidence obtained as a consequence of their access to the privileged documents.

This circuit has repeatedly held that discovery orders are not appealable under the *Cohen* doctrine. *See Hooker v. Continental Life Ins. Co.*, 965 F.2d 903, 904–05 (10th Cir.1992); *Graham v. Gray*, 827 F.2d 679, 681 (10th Cir.1987); *FTC v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir. 1985); *Usery v. Ritter*, 547 F.2d 528, 532 (10th Cir.1977); *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 342 (10th Cir.1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *Paramount Film Distrib. Corp. v. Civic Ctr. Theatre, Inc.*, 333 F.2d 358, 361–62 (10th Cir.1964). Indeed, only in a few rare cases have we allowed an interlocutory appeal. The first was *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir.), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965), in which nonparty witnesses sought a right to protection from disclosure of trade secrets.[1] Later in *Alaska Land Leasing*, we stated that *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), indirectly overruled *Covey*. *Alaska Land Leasing*, 778 F.2d at 578. Regardless of *Covey's* vitality, we do not here have a nonparty attempting to protect a trade secret. Rather, we have parties to litigation claiming the attorney-client and work product privileges against disclosure of documents they own.

This circuit has not directly addressed the question whether a discovery order compelling disclosure of documents claimed to be privileged can be appealed before final judgment under *Cohen*.[2] But in virtually every

---

1. *See also Westinghouse Elec. Corp. v. Adams*, 570 F.2d 899, 901 (10th Cir.1978) (relying on *Covey* and reversing order quashing subpoena for second deposition of a nonparty); *Anthony v. United States*, 667 F.2d 870, 878 (10th Cir.1981), *cert. denied*, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982) (allowing appeal by nonparty participant in illegally recorded telephone conversations of trial court order allowing criminal defendant discovery of tapes for use in preparing his motion for new trial).

2. We have reviewed appealability of discovery orders when the attorney-client or work product privilege has been invoked under the *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), exception to the final judgment rule. *Sangre de Cristo Community Health Serv., Inc. v. United States (In re Grand Jury Proceedings, Vargas)*, 723 F.2d 1461 (10th Cir.1983) (denying appealability); *Company X v. United States (In re Grand Jury Proceedings)*, 857 F.2d 710 (10th Cir. 1988) (appeal granted, but relief rejected on mer-

case in other circuits involving similar attorney-client privilege claims, the courts have refused to take jurisdiction. *See Texaco Inc. v. Louisiana Land & Exploration Co.,* 995 F.2d 43, 44 (5th Cir.1993); *Chase Manhattan Bank v. Turner & Newall, PLC,* 964 F.2d 159, 162–63 (2d Cir.1992); *Reise v. Board of Regents of the Univ. of Wis. Sys.,* 957 F.2d 293, 295 (7th Cir.1992) ("The travail and expense of discovery and trial cannot be reversed at the end of the case, yet this has never been thought sufficient to allow pretrial appeals. . . . Indeed, even orders to produce information over strong objections based on privilege are not appealable, despite the claim that once the cat is out of the bag the privilege is gone.");[3] *Quantum Corp. v. Tandon Corp.,* 940 F.2d 642, 644 (Fed.Cir. 1991); *Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.,* 890 F.2d 371, 377 (11th Cir.1989); *American Express Warehousing, Ltd. v. Transamerica Ins. Co.,* 380 F.2d 277, 280 (2d Cir.1967) ("The rule of nonappealability is no different when a claim of attorney's work-product under *Hickman v. Taylor* [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)] . . . is made."). *But cf. In re Grand Jury Investigation of Ocean Transp.,* 604 F.2d 672 (D.C.Cir.) (appeal permitted but relief denied where documents had been inadvertently disclosed), *cert. denied,* 444 U.S. 915, 100 S.Ct. 229, 62 L.Ed.2d 169 (1979).

Judge Feinberg, writing for the Second Circuit in *American Express Warehousing,* 380 F.2d 277, stated the following regarding *Cohen* appealability of a claim of attorney work product privilege:

We do not think that the mere possibility of erroneous application of the *Hickman* principle to a given set of documents raises a spectre of such dire consequences that immediate appellate review as of right must follow. For such would be the ines-

capable conclusion if this appeal were allowed. Work-product protection is not so absolute that disclosure can never be justified. . . . Unlike the case of a trade secret, erroneous disclosure of work-product does not make almost certain the immediate destruction of a protected property right [citing *Covey Oil* ]. The interest protected is not only qualified but intangible and difficult to relate to immediate harm. . . . It is true that if reversal is obtained, the disclosure has already been made. To the extent that trial strategy is thus uncovered, the harm occasioned resembles that suffered in any retrial because of error in the first. . . . Moreover, there are, after all, some matters which must rest primarily in the wise discretion of experienced trial judges—and when they do, the probability of recurring error is not very great. We do not suggest that the policies in support of the work-product doctrine are unimportant; we have no hesitancy in endorsing the values it protects. . . . But we are loath to elevate those values and those policies above many others already referred to by revising the normal federal rule on appealability.

*Id.* at 281–82. We agree with those comments and believe they apply equally to the attorney-client and expert witness privileges asserted before us. Thus, we hold that the instant appeal is not permissible under the *Cohen* exception.

### III

On four occasions we have granted writs of mandamus to review claims of privilege which were granted or denied by the district court during the course of particular proceedings. And, upon occasion, we have construed an appeal as a petition for a writ of mandamus. *See, e.g., Skeen v. Chase Manhattan Bank (In re American Cable Publica-*

---

its, when *Perlman* exception invoked; government did not resist and it was clear the party's law firm was willing to produce documents subpoenaed for grand jury examination). Defendants do not rely on *Perlman* and deny applicability of these cases, arguing that they involve grand jury criminal investigations. Memorandum Brief of Cotter Corp. and Commonwealth Edison Co. at 18.

**3.** We note, however, that the Seventh Circuit has found jurisdiction under the *Cohen* exception when a district court ordered release to newspapers of a report of derivative suits subject to the attorney-client privilege compiled in connection with derivative actions pending in the district court. *In re Continental Ill. Sec. Litig.,* 732 F.2d 1302, 1307 (7th Cir.1984).

*tions, Inc.)*, 768 F.2d 1194, 1195 (10th Cir. 1985). The writ of mandamus issues only in exceptional circumstances to correct "a clear abuse of discretion, an abdication of the judicial function, or the usurpation of judicial power." *Paramount Film Distrib. Corp.*, 333 F.2d at 361. With discovery orders involving a claim of privilege we require both that the disclosure render impossible any meaningful appellate review of the claim and that the disclosure involves questions of substantial importance to the administration of justice. *United States v. Winner*, 641 F.2d 825, 830 (10th Cir.1981).

In *Usery v. Ritter*, 547 F.2d 528 (10th Cir.1977), we issued a writ of mandamus to prevent the employer-defendant from requiring the Secretary of Labor to disclose the identities of three whistleblowers in a case the Secretary brought under the equal pay provisions of the Fair Labor Standards Act. The court relied heavily upon the obvious difficulties in enforcing the act if employees did not feel free to approach the Labor Department with grievances without fear of retaliation from their employers. Although the Secretary's privilege to conceal the names of informants is qualified, we issued a writ vindicating the privilege in this case. Unlike the instant case, there are many unreviewable consequences likely to flow from the disclosure of whistleblowers' names to their employers that this court cannot correct on direct appeal from a final judgment in the underlying litigation.

We once granted the writ when the district court ordered a discharged attorney to relinquish client materials in his possession contrary to a state statute establishing the attorney's retaining lien over client papers until he is paid for any legal services he had performed for the client. *Jenkins v. Weinshienk*, 670 F.2d 915 (10th Cir.1982). Surrender of the papers in such a case would render the lien totally worthless, of course. The lawyer was no longer in the case at issue before the court, and the district court had no jurisdiction to decide the amount of fees the lawyer claimed for past services to the client in matters not before the court to which the lien applied.

We also granted writs of mandamus in *Winner*, which involved constitutional rights, secrecy of grand jury proceedings, and separation of powers questions, *see* 641 F.2d at 831, and in *United States v. West*, 672 F.2d 796 (10th Cir.), *cert. denied*, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982), involving important issues of the extreme limits of relevancy, the permissive scope of a criminal trial, and internal checks of a separate branch of government. *See id.* at 799. We denied the writ in a case closely analogous to the situation before us, a claim of attorney-client and work product privilege in a securities act trial between private litigants. *Barclaysamerican Corp. v. Kane*, 746 F.2d 653 (10th Cir.1984). There, after distinguishing *Winner* and *West*, we stated that "[i]n contrast, the instant case involves a discovery dispute between private litigants. We cannot say that a question of substantial importance to the administration of justice is at issue." *Id.* at 655.

■ It may be, as defendants assert, that the application of attorney-client and work product privileges to licensing proceedings is an unsettled issue of law. Nevertheless, we note that the magistrate judge and the district court based their rulings upon findings after *in camera* review that the attorney documents constituted business advice and the work was not performed in anticipation of litigation. These rulings may be wrong, but they do not amount to clear abuse of discretion, or the abdication or usurpation of judicial power. The rulings can be reviewed upon appeal after a final judgment in the case. Thus, we would have to deny the writ even if we were to construe the instant appeal as a petition for a writ of mandamus.

## IV

■ As an alternative basis for jurisdiction, defendants invoke the "pragmatic finality" doctrine. In contrast to the body of precedent that has developed and defined the *Cohen* test, the "pragmatic finality" doctrine involves more subjective, "ad hoc adjustments to the final decision requirement of [ ] § 1291." 15A Charles A. Wright et al., *Federal Practice and Procedure* § 3913, at 464 (1992). In their respected treatise, Profes-

sors Wright, Miller, and Cooper suggest that the application of "pragmatic finality" principles reflects "an understandable desire of appellate courts to bolster or replace district court justice with appellate justice," and they indicate the doctrine has been the subject of "increasing criticism." *Id.* at 464–65. In *Daiflon, Inc. v. Bohanon*, 612 F.2d 1249, 1253 (10th Cir.1979), *rev'd on other grounds, Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980), this court appeared to reject the "pragmatic finality" doctrine, saying that "a concept of finality which had a practical and nontechnical construction ... is [ ] no longer a viable theory" in light of the Supreme Court's 1978 decision in *Coopers & Lybrand*, 437 U.S. 463, 98 S.Ct. 2454.

Five years later, however, in *Bender v. Clark*, 744 F.2d 1424 (10th Cir.1984), for the first time we confronted the issue whether a district court order remanding to an administrative agency and directing it to apply a different legal standard than normally applied could be appealed immediately. We concluded that the order on remand was not a "final order" under § 1291 and further determined that the order was not a "collateral order" fitting the *Cohen* exception. Nonetheless, we asserted jurisdiction over the appeal based on a "practical application" of § 1291 and the *Cohen* case. We held that in certain unique instances, rather than performing a "mechanical analysis," "justice may require immediate review" and the use of a "balancing approach" to make the jurisdictional decision. *Id.* at 1427. The decision indicated that when the issue under consideration was "important," "serious," "unsettled" and not "within the trial court's discretion," jurisdiction should be taken if injustice from delay would outweigh the expense and inconvenience of piecemeal review. *Id.* at 1427. Applying these principles, the court determined that the dispute over the appropriate standard of proof was "serious and unsettled," that an immediate resolution of the issue would impact several other cases pending before the Department of Interior at the time, and that the government probably would be foreclosed from raising the issue in future proceedings because the government has no means of appealing its own administrative decisions. *Id.* at 1428; *see also Cot-*

*ton Petroleum Corp. v. United States Dep't of Interior, Bureau of Indian Affairs*, 870 F.2d 1515, 1522 (10th Cir.1989) (applying *Bender* and taking jurisdiction over remand to administrative agency to avoid "further disputes ... confusion and danger of injustice.").

The *Bender* and *Cotton Petroleum* cases must be narrowly construed and "pragmatic finality" invoked only in truly "unique instances" if we are to preserve the vitality of § 1291. "Formality ... is not always sterile. Although well-established rules of appealability might at times cause an action to be determined unjustly, slowly, and expensively, they have nonetheless the great virtue of forestalling the delay, harassment, expense, and duplication that could result from multiple or ill-timed appeals." Wright et al., *supra*, at 462. Although we acknowledge that defendants may have raised unsettled questions about the application of privileges in the context of state and federal licensing proceedings, the questions are not of the magnitude that justify an exception to the traditional "final order" requirement. Defendants' contention that the issue should be resolved immediately because they have asserted the same claim of privilege in other litigation is not persuasive, particularly because the dispute can be adequately reviewed on direct appeal from a final judgment. In *Bender*, this court relied heavily on our belief that a refusal to take jurisdiction would have foreclosed future appellate scrutiny of the unsettled issue. That is not the situation before us, and the instant discovery order does not fall within the parameters of the "pragmatic finality" exception.

Because we hold that we do not have jurisdiction to review the challenged discovery order at this stage in the proceedings, we do not reach the merits of defendants' arguments disputing the magistrate judge's construction and application of the attorney-client privilege, work product doctrine, and Fed.R.Civ.P. 26(b)(4) in the context of state and federal licensing proceedings. The appeal is DISMISSED for lack of jurisdiction.