51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy DUTTON, individually; Margarita Dutton,
individually and as parents and next friends of
Sofia Dutton, a minor, and Joshua
Dutton, a minor, Plaintiffs-Appellees,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellant.
 No. 95-6036.
D.C. No. CIV-94-793-A
 United States Court of Appeals, Tenth Circuit.
 March 28, 1995.
 
 Before MOORE, BALDOCK, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This case arises from a strict product liability case filed by plaintiffs Timothy and Margarita Dutton, individually and on behalf of their children, against General Motors Corporation. Plaintiffs claim that the injuries they sustained in an automobile accident were caused by, or exacerbated by, defective seat belts in GM's 1988 Oldsmobile Cutlass Ciera.
 
 
 2
 GM appeals a district court order denying a motion for protective order as to three categories of pretrial discovery requests which GM claims contain confidential and sensitive business information. GM moves this court for a stay of district court discovery proceedings pending resolution of its appeal. Plaintiffs move for dismissal of GM's appeal for lack of appellate jurisdiction.
 
 
 3
 This court has jurisdiction of appeals from all final orders of the district court. 28 U.S.C. 1291. Discovery orders generally are interlocutory and not immediately appealable. FTC v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir.1985). Therefore, before considering GM's motion for stay pending appeal, this court must determine whether it has jurisdiction over the underlying appeal. See Desktop Direct, Inc. v. Digital Equip. Corp., 993 F.2d 755, 756-57, 760 (10th Cir.1993)(denying motion for stay and dismissing appeal for lack of jurisdiction where district court's order not final and collateral order doctrine inapplicable), aff'd, 114 S.Ct. 1992 (1994).
 
 
 4
 GM claims that jurisdiction over this appeal exists pursuant to the "collateral order doctrine" set forth by the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), and recently reaffirmed in Digital Equipment Corp. v. Desktop Direct, Inc., 114 S.Ct. 1992 (1994). To come within the collateral order doctrine, "the order must ' conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.' " Utah ex rel. Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1492 (10th Cir.) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)), cert. denied, 115 S.Ct. 197 (1994). "Unless all three requirements are established, jurisdiction is not available under the collateral order doctrine." Boughton v. Cotter Corp., 10 F.3d 746, 749 (10th Cir.1993).
 
 
 5
 This court has repeatedly rejected requests to apply the collateral order doctrine to interlocutory appeals from discovery orders. Id. at 749-50 (collecting cases). Instead, in accord with the majority of other circuits, this court has held that in order to perfect an appeal from a pretrial discovery order, a party opposing the order must refuse to comply, submit to contempt proceedings, and appeal from a final contempt order. Alaska Land Leasing, Inc., 778 F.2d at 578; see also Coleman v. American Red Cross, 979 F.2d 1135, 1138 (6th Cir.1992)(holding that review of adverse discovery order is available by violating order and incurring contempt citation); MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 121 (4th Cir.) (same)(collecting cases), cert. denied, 115 S.Ct. 510 (1994).
 
 
 6
 The Supreme Court also has sanctioned this road to appellate review for discovery orders which are not appealable under the collateral order doctrine. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377 (1981). Because the collateral order doctrine is concerned not only with reviewability upon final judgment, but with any reviewability at all, id. at 376-77, and because the order in question would be reviewable on immediate appeal from a contempt citation, we determine that the order is not effectively unreviewable if we do not entertain it now. See Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430-31 (1985); Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.), 889 F.2d 950, 954 (10th Cir.1989). Because all three Cohen requirements must be met to invoke the collateral order doctrine, we need not discuss each requirement if any one is not met. In re Magic Circle Energy Corp., 889 F.2d at 954.
 
 
 7
 The Supreme Court intended the collateral order doctrine to be applicable to a "small class" of cases. Cohen, 337 U.S. at 546. This intent surely would be jeopardized by expanding the collateral order doctrine to include pretrial discovery disputes involving what the parties perceive to be sensitive or confidential information.
 
 
 8
 We note that in support of its contention that this court has jurisdiction to entertain its appeal, GM relies almost exclusively on an unpublished order and judgment of this court in which the court accepted jurisdiction of an order denying a protective order under similar circumstances. See Sears v. Nissan Motor Co., No. 90-2169, 1991 WL 80741 (10th Cir. May 16, 1991). Notwithstanding GM's attempt to assert the contrary, the decision in Sears is not binding precedent on this court. Citation to unpublished decisions is not favored and may be considered for persuasive value only if it is dispositive of a material issue. See General Order filed November 29, 1993, 151 F.R.D. 470. In light of the weight of authority holding discovery orders nonappealable under the collateral order doctrine, we decline to consider Sears persuasive in this case.
 
 
 9
 In conclusion, we hold that the district court order denying GM a protective order as to three categories of discovery information is not final and we lack appellate jurisdiction under Cohen and 28 U.S.C. 1291. GM's appeal No. 95-6036 is DISMISSED for lack of appellate jurisdiction. The motion for stay pending appeal is DENIED.
 
 
 10
 BALDOCK, J., concurs in the result only.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470