103 F.3d 144
 96 CJ C.A.R. 2029
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert H. AULL, on behalf of himself and all other similarly
situated, Plaintiff--Appellee,
v.
CAVALCADE PENSION PLAN; Cavalcade Pension Plan Committee;
Kevin Lewis; Carlene Stewart; Alton Smith; Donald Dodson;
Furr's/Bishop's, Inc.; Furr's/Bishop's Cafeterias, L.P.;
Cavalcade & Co., Inc.; and Cafeteria Operators, L.P.,
Defendants--Appellants,
and
Michael J. LEVENSON; KMART Corporation; and KMART
Corporation Employees' Retirement Plan, Defendants.
 No. 96-1474.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1996.
 
 Before TACHA, KELLY, and BRISCOE, Circuit Judges.
 
 ORDER & JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Before us is defendants-appellants' appeal from the district court's October 4, 1996 order denying their motion for protective order seeking to bar discovery of all accountant/actuary--client privileged matters. Defendants-appellants have also filed a motion for stay of the district court's order pending disposition of their appeal.
 
 
 3
 Generally, pretrial discovery rulings are interlocutory and are not appealable as final orders. See F.T.C. v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir.1985). This is true even if the discovery at issue is claimed to be privileged. Boughton v. Cotter Corp., 10 F.3d 746, 750 (10th Cir.1993). This court ordered the parties to show cause why this appeal should not be summarily dismissed for lack of jurisdiction. Upon review of the parties' responses, we find the order being appealed is interlocutory and not appealable as a final order. Because we conclude this appeal is premature, we do not consider defendants-appellants' motion for stay pending appeal. The appeal is DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3