In re Steven LINDSEY, Debtor.

Jerome JOSEPH, Plaintiff—Appellant,

v.

Stephen W. LINDSEY, Sr.,
Defendant—Appellee.

BAP No. UT–97–036.
Bankruptcy No. 95–26119.
Adversary No. 96–22599.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Aug. 29, 1997.

**374**

Before PUSATERI, CORNISH, and MATHESON, Bankruptcy Judges.

### ORDER OF DISMISSAL

PER CURIAM.

There are two matters before the Court: (1) the response of the parties to an Order to Show Cause Why Appeal Should Not be Dismissed as Interlocutory, filed on July 25, 1997; and (2) The Appellant's Request for Judicial Notice ("Request"). For the reasons set forth below, we conclude that this appeal must be dismissed as interlocutory, and deny the Request as moot.

### BACKGROUND

Jerome Joseph ("Appellant") is the plaintiff in an adversary proceeding against Stephen W. Lindsey, Sr. ("Appellee"). The Appellant purchased a judgment for over $1 million against the Appellee; the adversary proceeding involves the Appellant's contention that this debt is nondischargeable.

During the course of the proceedings, the Appellee served the Appellant with Defendant's Requests for Admission and Second Set of Interrogatories to Plaintiff Jerome Joseph ("Discovery Requests"). The Discovery Requests asked the Appellant to provide information regarding his admission to the practice of law, and to admit that he had been previously convicted of several crimes. As to all of these requests, the Appellant asserted the Fifth Amendment privilege against self-incrimination.

The Appellant then filed a Plaintiff's Motion for Issuance of a Protective Order with the Bankruptcy Court. The Appellant sought a determination that the Appellee was not entitled to the requested discovery, on the ground that it was not relevant to the adversary proceeding and that the discovery was requested for an improper purpose. The Appellant also asserted that his claim of the privilege against self-incrimination was proper. The Appellee opposed the motion, apparently on the ground that the evidence would be used for impeachment of the Appellant's testimony, and in support of a motion for sanctions for filing a frivolous claim.

After a hearing, the Bankruptcy Court denied the requested protective order. The Court orally stated that it appeared that answering questions regarding prior convictions did not pose a risk of incriminating the Appellant, and that the information was discoverable. An order denying the protective order was entered on June 9, 1997. It is from this order that the Appellant appeals.

The Appellant's Request for Judicial Notice requests that the Court take judicial notice of certain documents filed in the state court action related to the Appellant's claim against the Appellee.

### DISCUSSION

It is well settled that a trial court's orders regarding discovery are interlocutory, not final, and therefore cannot be immediately appealed. *See, e.g., Church of Scientology v. United States,* 506 U.S. 9, 18 n. 11, 113 S.Ct. 447, 452 n. 11, 121 L.Ed.2d 313 (1992); *United States v. Ryan,* 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *Graham v. Gray,* 827 F.2d 679, 681 (10th Cir.1987); *FTC v. Alaska Land Leasing, Inc.,* 778 F.2d 577, 578 (10th Cir.1985). "A party that seeks to present an objection to a discovery order immediately to a court of appeals must refuse compliance, be held in contempt, and then appeal the contempt order." *Church of Scientology,* 506 U.S. at 18 n. 11, 113 S.Ct. at 452 n. 11. *See Maness v. Meyers,* 419 U.S. 449, 460, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975); *Ryan,* 402 U.S. at 532–33, 91 S.Ct. at 1581–82; *Graham,* 827 F.2d at 681; *Alaska Land Leasing,* 778 F.2d at 578.

"This method of achieving precompliance review is particularly appropriate where the Fifth Amendment privilege against self-incrimination is involved." *Maness,* 419 U.S. at 461, 95 S.Ct. at 592 (footnote omitted). In *Alaska Land Leasing,* a nonparty asserted the Fifth Amendment privilege against self-incrimination in an ancillary proceeding to a civil case before the U.S. District Court for the Central District of California. The Tenth Circuit dismissed the appeal as interlocutory. "To perfect standing to appeal from a civil pretrial discovery order, a nonparty ·deponent must refuse to comply and submit to a contempt proceeding. Thereafter, an adverse contempt order is final and it may be appealed." 778 F.2d at 578.

 The collateral order doctrine does not apply here. One requirement of the collateral order doctrine is that the order must be effectively unreviewable on appeal from a final judgment. *Boughton v. Cotter Corp.,* 10 F.3d 746, 749 (10th Cir.1993). Since the Appellant may obtain effective review by appealing any contempt order issued against him, the collateral order doctrine is not met. *See Boughton,* 10 F.3d at 749–50 ("This circuit has repeatedly held that discovery orders are not appealable under the [collateral order] doctrine."). *Cf. Ryan,* 402 U.S. at 533–34, 91 S.Ct. at 1582–83 (although appeal from discovery orders is allowed in those cases where review would otherwise be unavailable, party could obtain full review by failing to comply and appealing any sanctions).

 Nor should we grant leave to appeal under 28 U.S.C. § 158(a)(3). "Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the termination of the litigation." *Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 769–70 (10th Cir. BAP 1997). Immediate review of this order will have no effect upon the duration of the litigation. As the Appellees have indicated, the purpose of the Discovery Requests relate only to the question of impeachment of the Appellant's testimony and the seeking of sanctions. Whether the order is affirmed or reversed upon appeal will in no way settle the merits or shorten the litigation. Accordingly, interlocutory review should be denied.

Because this appeal must be dismissed, we conclude that the Request for Judicial Notice should be denied as moot.

### CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED THAT:

(1) This appeal is DISMISSED WITHOUT PREJUDICE.

(2) The Request is DENIED AS MOOT.