**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES EX REL. SAMUEL J. MAY, an individual,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; THE DEPARTMENT OF JUSTICE, an agency of the United States; THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, an agency of the United States; FOOD AND DRUG ADMINISTRATION, an agency of the United States; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, an agency of the United States; DEBORAH ZWANY; PATRICK HANNIGAN; SARA WINSLOW; OMOTUNDE OSUNSANMI,

     Defendants - Appellees.

No. 23-1323
(D.C. No. 1:17-CV-00637-RM-SKC)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Samuel J. May, proceeding pro se,[1] seeks mandamus relief in this appeal from the district court's denial of a post-judgment motion. We affirm the district court's decision and deny the request for a writ of mandamus.

## BACKGROUND

Mr. May was employed by Amgen USA, Inc. in the 2000s. In 2010, he filed a False Claims Act *qui tam* suit against Amgen in the Northern District of California. The United States elected not to intervene. The district court dismissed that case in January 2012 because Mr. May had not obtained counsel.

After the dismissal of Mr. May's suit, Amgen still faced other legal proceedings. In December 2012, it entered into a settlement with the United States, agreeing to pay a total of $762 million in criminal penalties, forfeiture, and settlement of ten False Claims Act suits. Although his suit had already been dismissed and he was not a party to the settled cases, Mr. May believes he is entitled to a share of the $762 million.

Among other actions seeking compensation, Mr. May filed a complaint in the District of Colorado in 2017. As we described this suit:

> His complaint contains seven claims: counts one and two allege contract claims, counts three through seven tort claims. The relief he seeks includes between 25% and 30% of (1) the $762 million recovered by the United States in its 2012 settlement with Amgen or (2) Amgen's value—at least $900 million.

---

[1] "Because [Mr. May] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

*United States ex rel. May v. United States* (*May I*), 839 F. App'x 214, 216 (10th Cir. 2020) (unpublished).[2]  The district court "dismissed without prejudice counts one and two against the federal defendants for lack of subject-matter jurisdiction, and it granted the federal defendants summary judgment on the five remaining counts."  *Id.* We affirmed, *see id.* at 216-18, and issued our mandate on February 16, 2021.

After we decided *May I* and issued our mandate, Mr. May filed suit in the United States Court of Federal Claims.  As the Federal Circuit described that suit:

> Mr. May asserted in the complaint that, because his original *qui tam* complaint ultimately facilitated the United States' recovery from Amgen under the 2012 settlement agreement, he is entitled to a 25-30% relator's share of the settlement amount.  He asserted breach of contract; breach of the implied covenant of good faith and fair dealing; professional negligence; a wrong assertedly within 42 U.S.C. § 1983; and violations of the First Amendment, the Fifth Amendment's Takings Clause, and the Fourteenth Amendment's Equal Protection Clause.

*May v. United States* (*May II*), No. 2023-1124, 2023 WL 3836088, at *3 (Fed. Cir. June 6, 2023) (unpublished) (citation and internal quotation marks omitted).  The Claims Court dismissed the case for lack of subject-matter jurisdiction.  *See id.*  The Federal Circuit affirmed on June 6, 2023.  *See id.* at *4-6.

On August 14, 2023, Mr. May filed, in the District of Colorado, a "Motion to Stay the Mandate Pending Petition for Writ of Mandamus."  R. Vol. 3 at 131 (capitalization modified).  The motion was captioned "In the United States Court of

---

[2] "[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."  *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

Appeals for the Federal Circuit," *id.* (capitalization modified), and requested "a stay issuing the mandate pending filing of a petition for mandamus relief in the Federal Circuit or the United States Supreme Court," *id.* at 132.  The district court denied the motion in a minute order, stating it lacked authority to stay this court's mandate and that the motion was untimely.

## DISCUSSION

Mr. May informs us the motion he filed in the district court was only a copy of a request for relief directed to the Federal Circuit.[3]  He states that he did not intend to seek a stay of the *May I* mandate.  *See* Aplt. Opening Br. at 2, 28-29.  Although the district court might have misunderstood Mr. May's filing, it did not have the ability to stay the mandate in *May I* (or *May II*, for that matter).  Thus, to the extent that Mr. May appeals from the district court's denial of his motion, we affirm.

In both his opening brief and reply brief, Mr. May requests we construe his appeal as a petition for a writ of mandamus, and he extensively discusses the conditions for granting mandamus.  We have the ability to construe an appeal as a petition for mandamus, *see Clyma v. Sunoco, Inc.*, 594 F.3d 777, 781-82 (10th Cir. 2010); *Boughton v. Cotter Corp.*, 10 F.3d 746, 750 (10th Cir. 1993), and we grant Mr. May's request to do so here.  As Mr. May recognizes, there are three conditions for a writ of mandamus:  (1) Mr. May "must have no other adequate means to attain

---

[3] The Federal Circuit denied mandamus relief while this appeal was pending. *See In re May*, No. 2023-151, 2023 WL 8637556, at *1 (Fed. Cir. Dec. 14, 2023) (unpublished).

the relief he desires"; (2) he "must demonstrate that his right to the writ is clear and indisputable"; and (3) this court, "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187 (10th Cir. 2009) (internal quotation marks omitted).

Mr. May asserts that in *May I*, the district court awarded him "equitable relief" by creating "an implied-in-fact reward contract." Aplt. Opening Br. at 2; *see also id.* at 14 (alleging "the district court devised the reward contract" under the False Claims Act framework); *id.* at 15 ("The district court . . . found the *qui tam* suit . . . was worthy of compensation," so it "duly devise[d] the reward contract fixed at 16.4%" of the restitution portion of the settlement). He believes the defendants are responsible for payment of the "reward contract." He seems to attribute the "reward contract" to the defendants' failure to object to recommendations by the magistrate judge in *May I*, *see id.* at 11, 15, 19-20, 37, 43, although he additionally states that the "reward contract . . . was also exchanged to forego tort claims for summary judgment," *id.* at 21; *see also id.* at 37-38, 44. And he invokes the Takings Clause.

Mr. May already filed a petition for mandamus in this court. *See In re May*, No. 23-1389 (10th Cir. Jan. 16, 2024) (unpublished order). We denied that petition, stating:

> Mr. May failed to prevail in his lawsuit in district court or on appeal. Given that he was unsuccessful on his contract and tort claims in district court and that this court affirmed the district court's judgment, he fails to adequately explain why he has a clear and indisputable right to any specific monetary relief.

*Id.* at 3. Nothing in Mr. May's filings in this appeal undermines that determination.

5

In *May I*, the district court dismissed the contract claims against the federal defendants for lack of subject-matter jurisdiction and granted summary judgment on the tort claims against them on the ground of untimeliness. *See* 839 F. App'x at 217-18. Contrary to Mr. May's perceptions, those proceedings did not create a "reward contract" in his favor. Quite the opposite.

The magistrate judge stated:

> [Mr. May] does not plausibly allege that he ever had a contractual relationship with the Federal Defendants. He was not a party to the settlement agreement. In fact, his *qui tam* complaint had been dismissed before the agreement was signed. Furthermore, his *qui tam* claims were unrelated to those that were resolved by the settlement agreement, which means that the [False Claims Act's] "alternate remedy" provision is inapplicable. Therefore, the government owed him no duty or obligation to include him in the settlement agreement, or share with him the settlement proceeds.

*May v. United States*, No. 17-cv-00637-RM-MJW, 2018 WL 1046802, at *9 (D. Colo. Feb. 26, 2018) (unpublished) (citations omitted). The district court upheld those findings. *United States ex rel. May v. United States*, No. 17-cv-00637-RM-SKC, 2018 WL 7141426, at *5 n.9 (D. Colo. Aug. 29, 2018) (unpublished). The district court further denied Mr. May's motions for relief:

> In this case, if the Magistrate Judge's recommendation to dismiss and enter summary judgment is correct and valid, then [Mr. May] has no claims for relief as such claims have been either dismissed or judgment has been found in favor of Defendants. Here, the Court has found the recommendation to be correct and valid. As such, Plaintiff's motions seeking relief based on such dismissed claims are moot.

*Id.* at *6. Thus, far from devising a "reward contract," the district court rejected Mr. May's asserted rights to payment.

6

Nor did we affirm the existence of a "reward contract." To the contrary, we affirmed the district court's denial of relief. *See May I*, 839 F. App'x at 216-18.

To the extent Mr. May ties the "reward contract" to his contract claims, *the district court did not have the ability to order a monetary award on those claims*. As we explained previously, the district court lacked jurisdiction to adjudicate contract claims that exceeded $10,000, and Mr. May sought much more than $10,000. *See id.* at 217. And to the extent that Mr. May ties the "reward contract" to his tort claims, the district court dismissed those claims as untimely. *See id.* at 218. There is no indication that dismissal of the tort claims involved (or should have involved) payment of consideration to Mr. May.

In short, Mr. May has failed to demonstrate any right to payment arising out of *May I*, much less a clear and indisputable one. Accordingly, we deny mandamus relief.

## CONCLUSION

We deny the government's motion to dismiss or summarily affirm the appeal and grant Mr. May's motion to proceed without prepayment of costs or fees. We affirm the district court's denial of the motion to stay and deny Mr. May's request for a writ of mandamus.

Entered for the Court

Allison H. Eid
Circuit Judge

7